UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOE LARA,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES A. YATES, warden,<br><br>    Respondent. | No. C 06-3138 MHP (pr)<br><br>**ORDER TO STAY PROCEEDINGS AND ADMINISTRATIVELY CLOSE CASE** |

Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 Santa Clara County Superior Court conviction for several sex offenses. Respondent filed an answer to the petition in which he asserted that state court remedies had not been exhausted for the Blakely/Cunningham claim petitioner had asserted with respect to his sentence. See Resp. Memorandum Of Points And Authorities In Support Of Answer, pp. 15-16; Cunningham v. California, 127 S. Ct. 856 (2007); Blakely v. Washington, 542 U.S. 296 (2004). Petitioner responded by filing a motion to hold this action in abeyance pending resolution in state court of his Cunningham claim and other unidentified claims. In light of the parties agreement that petitioner needs to further present his Cunningham claim to the state courts, this court GRANTS the motion to hold this action in abeyance. (Docket # 20.) See Rhines v. Weber, 544 U.S. 269, 277-78 (2005).

This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts the unexhausted claim and, within thirty days of doing so, moves to reopen this action, lift the court's stay and proceed with consideration of his habeas petition. When he finishes in state

1  court and moves to reopen, petitioner must clearly identify each claim that has been
2  exhausted in state court.

3     Petitioner must act diligently to get his state court petition filed and promptly return to
4  federal court after his state court proceedings have concluded.   If petitioner does not return
5  within thirty days of exhausting the unexhausted claim, the action or the unexhausted claims
6  may be dismissed.  See id.; Kelly v. Small, 315 F.3d 1063, 1071 (9th Cir.), cert. denied, 538
7  U.S. 1042 (2003).  Petitioner also must exercise continuous diligence during the exhaustion
8  process in the state courts.  Imposing these time limits for petitioner to expeditiously get to,
9  through, and back from state court furthers the AEDPA's goals of encouraging finality of
10 judgments and streamlining federal habeas proceedings.  See Rhines, 544 U.S. at 278.

11    After moving for a stay, Lara moved for appointment to represent him in this action.
12 A district court may appoint counsel to represent a habeas petitioner whenever "the court
13 determines that the interests of justice so require and such person is financially unable to
14 obtain representation." 18 U.S.C. § 3006A(a)(2)(B). The decision to appoint counsel is
15 within the discretion of the district court.  See Chaney v. Lewis, 801 F.2d 1191, 1196 (9th
16 Cir. 1986).  Appointment is mandatory only when the circumstances of a particular case
17 indicate that appointed counsel is necessary to prevent due process violations.  See id.  The
18 interests of justice do not require appointment of counsel in this action. The motion for
19 appointment of counsel is DENIED.  (Docket # 21.)

20    Finally, the court notes that plaintiff mailed his motion to hold this action in abeyance
21 to respondent's counsel at a Sacramento street address.  Plaintiff is reminded that he should
22 serve respondent by mailing documents to respondent's counsel at the San Francisco street
23 address listed on respondent's counsel's filings.

24    IT IS SO ORDERED.
25 DATED:  May 8, 2008

_____
26                              Marilyn Hall Patel
                                 United States District Judge

2