UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN JOE LARA,<br><br>    Petitioner,<br><br>  v.<br><br>JAMES A. YATES, warden,<br><br>    Respondent. | No. C 06-3138 MHP (pr)<br><br>**ORDER LIFTING STAY, REOPENING ACTION, AND SETTING BRIEFING SCHEDULE ON AMENDED PETITION** |

A.  <u>The Stay Is Lifted Because State Exhaustion Efforts Have Concluded</u>

Petitioner filed a <u>pro se</u> petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his 2003 Santa Clara County Superior Court conviction for several sex offenses. At petitioner's request, this action was stayed so that he could exhaust state court remedies as to one or more new claims he had discovered. Petitioner has now completed his efforts to exhaust state court remedies. This action is now before the court for consideration of several motions petitioner has filed.

Petitioner's application for enlargement of time to file a petition for rehearing in the California Supreme Court and/or an amended federal petition is DENIED. (Docket # 23.) To the extent he sought an extension of a deadline in the California Supreme Court, this court has no authority to extend any deadline in that state court; to the extent he sought an extension of time to file his amended federal petition, the request was unnecessary as he later did file his amended petition within a reasonable time of concluding his habeas activities in the state courts. At the time he filed the application for an enlargement of time, petitioner's most recent habeas petition in the California Supreme Court had been denied on July 9, 2008, and he was trying to decide whether to file a petition for rehearing in the California Supreme

Court or to file an amended habeas petition in this court. He later chose the former, and tried to file a petition for rehearing in the California Supreme Court. That effort failed; the petition for rehearing was returned unfiled on August 21, 2008, with a letter from the California Supreme Court explaining that the order denying the habeas petition "was final forthwith and may not be reconsidered or reinstated." See Amended Petition, Exh. A. On September 16, 2008, petitioner mailed to this court an amended habeas petition that was stamped "filed" on September 22, 2008. Petitioner returned to federal court within thirty days of concluding his state court habeas efforts, so he did not need the extension of time he had requested.

Petitioner's second motion for appointment of counsel to represent him in this action is DENIED for the same reasons stated when the court denied his first motion. (Docket # 25.)

As mentioned earlier, petitioner filed an amended petition in this action and served it on respondent's counsel. Attached to the amended petition was a motion to reopen and lift the stay, which respondent did not oppose. Upon due consideration, the court GRANTS the motion to lift the stay. The stay is lifted. The clerk will REOPEN this action that had been closed administratively.

B.     Review Of Amended Petition

The amended petition lists the following claims: (1) the application of California Evidence Code § 1108 to petitioner's case violated the Ex Post Facto Clause of the U.S. Constitution; (2) the application of California Penal Code § 803(a) to allow prosecution for otherwise time-barred counts 18, 19, and 20 violated the Ex Post Facto Clause; (3) the sentences imposed violated the Apprendi rule, see Apprendi v. New Jersey, 530 U.S. 466 (2000); Cunningham v. California, 549 U.S. 270 (2007); (4) there was jury misconduct in that the jurors decided the case before the presentation of the defense; (5) the restitution order violated due process; (6) petitioner received ineffective assistance of trial and appellate counsel in that counsel (a) failed to challenge the legality of the search and seizure done at petitioner's apartment, (b) failed to do an independent investigation, (c) offered a meritless involuntary intoxication defense, and (d) pressured petitioner into committing perjury during

his testimony; (7) the evidence was insufficient to support the conviction on count 1, in violation of due process; (8) the conviction on count 25 violated petitioner's right to due process because the statute of limitations had expired for that count; (9) the evidence was insufficient to support the convictions on counts 4 through 9, in violation of due process; (10) prosecution for the same incident on three different counts violated due process; and (11) admission of a "tainted recording" violated petitioner's rights to due process and proof beyond a reasonable doubt. Liberally construed, these claims are cognizable in a federal habeas proceeding and warrant a response.

C. Scheduling

Having determined that the stay will be lifted and the action reopened, the court now sets the following briefing schedule on the amended petition:

1. Respondent must file and serve his response to the amended petition no later than **April 3, 2009**.

2. Petitioner must file and serve his traverse in support of the amended petition no later than **May 15, 2009**.

IT IS SO ORDERED.

DATED: January 26, 2009

Marilyn Hall Patel
United States District Judge

3