1
2
3
4
5

UNITED STATES DISTRICT COURT

6

NORTHERN DISTRICT OF CALIFORNIA

7

8  JOHN JOE LARA,                                         No. C 06-3138 MHP (pr)

9           Petitioner,                                   **ORDER**

10          v.

11 JAMES A. YATES, warden,

12          Respondent.

13

14      Petitioner sent a letter to the court inquiring whether the fact that respondent received

15 an extension of time to file his response to the petition also meant that petitioner received an

16 extension of time to file his traverse.  The answer is yes.  Petitioner's traverse must be filed

17 no later than **September 25, 2009**.  The court notes, as it has on several occasions, that

18 proposed orders for extensions of deadlines filed by respondents should include extensions of

19 like amounts of time for the corresponding deadlines for petitioners.

20      Petitioner sent a letter to the court clerk asking for a subpoena to serve on his trial

21 attorney to get "some things."  A habeas petitioner, unlike the usual civil litigant in federal

22 court, is not entitled to discovery as a matter of ordinary course.  See Bracy v. Gramley, 520

23 U.S. 899, 904 (1997).  Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28

24 U.S.C. foll. § 2254, provides that a "judge may, for good cause, authorize a party to conduct

25 discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."

26 Before deciding whether a petitioner is entitled to discovery under Rule 6(a) the court must

27 first identify the essential elements of the underlying claim.  See Bracy, 520 U.S. at 904.

28

1   The court must then determine whether the petitioner has shown "good cause" for

2   appropriate discovery to prove his claim. <u>See</u> <u>id.</u> Good cause for discovery under Rule 6(a)

3   is shown "'where specific allegations before the court show reason to believe that the

4   petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled

5   to relief.'" <u>Id.</u> at 908-09 (quoting <u>Harris v. Nelson</u>, 394 U.S. 286, 299 (1969)). Lara cannot

6   do <u>any</u> discovery in this case until the court permits it. The court will not permit any

7   discovery unless Lara shows good cause for seeking any particular materials. Lara has not

8   shown good cause for the issuance of a subpoena.

9       IT IS SO ORDERED.

10   DATED: July 1, 2009

                           Marilyn Hall Patel

11                             United States District Judge