UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN JOE LARA,

    Petitioner,

    v.

JAMES A. YATES, warden,

    Respondent.

No. C 06-3138 MHP (pr)

**ORDER DISMISSING CLAIMS 4-11 AND SETTING BRIEFING SCHEDULE**

## INTRODUCTION

John Joe Lara, a pro se prisoner, filed a petition for writ of habeas corpus in 2006 challenging his 2003 conviction in Santa Clara County Superior Court. After the court ordered respondent to show cause why the petition should not be granted, and respondent filed his answer, Lara requested and received a stay of these proceedings so he could return to stay court to exhaust state court remedies as to some new claims. After exhausting state court remedies, he returned to this court with an amended petition in late 2008 that contained the three claims from the original petition plus eight new claims. Respondent now moves to dismiss those new claims as untimely. Lara opposes the motion. The court finds the new claims to be barred by the statute of limitations and dismisses them.

## BACKGROUND

Lara was convicted in Santa Clara County Superior Court of numerous sex offenses against minors. On May 15, 2003, he was sentenced to 195 years to life in prison plus 14 years and 8 months. He appealed. The California Court of Appeal reversed the conviction on count 21 and affirmed the judgment in all other respects. The California Supreme Court denied Lara's petition for review on March 2, 2005.

1 Lara then filed this action, seeking a writ of habeas corpus. The habeas petition had a
2 signature date of April 26, 2006, a proof of service showing service on the Attorney
3 General's office on April 26, 2006, and was stamped "filed" on May 10, 2006. As a
4 petitioner proceeding pro se, Lara receives the benefit of the prisoner mailbox rule, which
5 deems most documents filed when they are given to prison officials to mail to the court.
6 See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). His petition is presumed to
7 have been mailed on the date he mailed a copy to the Attorney General's office and therefore
8 is deemed filed as of April 26, 2006. The petition alleged three claims for relief: (1) the
9 application of California Evidence Code § 1108 to his case violated the Ex Post Facto Clause
10 of the U.S. Constitution because several of his offenses predated its enactment; (2) the use of
11 California Penal Code § 803(g) to revive the time-barred charges in counts 18, 19 and 20
12 violated the Ex Post Facto Clause; and (3) the court's imposition of the upper term and
13 consecutive sentences violated Lara's Sixth and Fourteenth Amendment rights to a jury trial
14 and proof beyond a reasonable doubt (the "Cunningham claim").

15 The court issued an order to show cause, and respondent filed an answer on March 20,
16 2007. In his answer, respondent argued that all three claims failed on the merits and that the
17 Cunningham claim was unexhausted. Before the court ruled on the merits or the non-
18 exhaustion argument, Lara moved for a stay of these proceedings so he could exhaust state
19 court remedies as to the Cunningham claim and other unidentified claims. The court granted
20 the motion and stayed this action on May 9, 2008. Meanwhile, efforts to exhaust state court
21 remedies were already underway.

22 On April 26, 2006, Lara mailed a document entitled "1) notice of motion and motion
23 for release of juror info. 2) motion for evidentiary hearing 3) motion for investigator" to the
24 Santa Clara County Superior Court. See Objection/Traverse To Respondent's Motion To
25 Dismiss, Exh. A. The motion was stamped "filed" on May 9, 2006, and was denied on June
26 21, 2006.

27 On August 12, 2006, Lara mailed a habeas petition to the California Court of Appeal.
28 The petition was stamped "filed" on August 16, 2006, and was denied on August 31, 2006

2

without prejudice to him filing it in the correct district.

On September 14, 2006, Lara mailed a habeas petition in the California Court of Appeal. The petition was stamped "filed on September 21, 2006, and was denied on October 5, 2006.

On February 7, 2007, Lara mailed a habeas petition in the California Supreme Court. The petition was stamped "filed" on February 13, 2007, and was denied on July 11, 2007.

On March 5, 2007, Lara filed a motion to recall the remittitur in the California Court of Appeal. The motion was denied on March 29, 2007.

Lara states that the Santa Clara County Superior Court denied a habeas petition on March 19, 2007, although he does not state when he filed that petition.

On September 21, 2007, Lara filed a habeas petition in the California Supreme Court. The petition was denied on March 12, 2008.

On January 25, 2008, Lara filed a habeas petition in the California Supreme Court. The petition was denied on July 9, 2008.

Lara sent a petition for rehearing to the California Supreme Court, which the court received on August 11, 2008. On August 21, 2008, the court clerk sent Lara a letter informing him that no action could be taken on the petition because the court's previous orders were final and not subject to reconsideration.

On September 22, 2008, Lara filed his amended federal petition. The petition had 11 claims, consisting of three claims from the original petition and eight new claims. The amended petition listed these claims: (1) the application of California Evidence Code § 1108 to petitioner's case violated the Ex Post Facto Clause of the U.S. Constitution; (2) the application of California Penal Code § 803(a) to allow prosecution for otherwise time-barred counts 18, 19, and 20 violated the Ex Post Facto Clause; (3) the sentences imposed violated the Apprendi rule, see Apprendi v. New Jersey, 530 U.S. 466 (2000); Cunningham v. California, 549 U.S. 270 (2007); (4) there was jury misconduct in that the jurors decided the case before the presentation of the defense; (5) the restitution order violated due process; (6) petitioner received ineffective assistance of trial and appellate counsel in that counsel (a)

3

failed to challenge the legality of the search and seizure done at petitioner's apartment, (b) failed to do an independent investigation, (c) offered a meritless involuntary intoxication defense, and (d) pressured petitioner into committing perjury during his testimony; (7) the evidence was insufficient to support the conviction on count 1, in violation of due process; (8) the conviction on count 25 violated petitioner's right to due process because the statute of limitations had expired for that count; (9) the evidence was insufficient to support the convictions on counts 4 through 9, in violation of due process; (10) prosecution for the same incident on three different counts violated due process; and (11) admission of a "tainted recording" violated petitioner's rights to due process and proof beyond a reasonable doubt.[1]

## DISCUSSION

Respondent moves to dismiss Claims 4-11 of the amended petition as time-barred. Respondent concedes that Claims 1-3 are timely because they were in the original petition filed before the expiration of the one-year period for the filing of a federal habeas petition. Respondent argues that the new claims in the amended petition (i.e., Claims 4-11) are time-barred because the limitations period expired before the amended petition was filed. The first matter to decide is whether any of the new claims in the amended petition relate back to the original petition because, if they do, they would be timely because the original petition was timely.

A.  <u>The New Claims Do Not Relate Back To The Original Claims</u>

A claim that is presented in an amended petition filed after AEDPA's one-year statute of limitations has expired relates back to the date of the original pleading only if the original and amended pleadings "'ar[i]se out of the conduct, transaction, or occurrence.'" <u>Mayle v. Felix</u>, 545 U.S. 644, 655 (2005) (quoting Fed. R. Civ. P. 15(c)(2)). "An amended habeas petition . . . does not relate back (and thereby escape AEDPA's one-year time limit) when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." <u>Id.</u> at 650 (new coerced confession claim did not relate back to the original petition that raised only a factually distinct Confrontation Clause claim). <u>Mayle</u> explicitly rejected the proposition that the "same 'conduct, transaction, or occurrence'

4

1 [means the] same 'trial, conviction, or sentence.'" Id. at 664. Only if the original and
2 amended petition state claims that are tied to a common core of operative facts will the new
3 claim in an amended petition relate back to the filing date of the original petition. See id. at
4 664-65; see, e.g., Hebner v. McGrath, 543 F.3d 1133, 1138-39 (9th Cir. 2008), cert. denied,
5 129 S. Ct. 2791 (2009) (district court did not err by denying leave to amend petition where
6 original claim challenged admission of evidence at trial and new claim challenged jury
7 instruction concerning consideration of such evidence; they were two discrete occurrences
8 dependent upon separate transactions not sharing a common core of operative facts).

9 Having reviewed the claims in the amended petition and the original petition, the
10 court concludes that none of the new claims – i.e., Claims 4-11 – relate back because none
11 arise out of the same "conduct, transaction, or occurrence" as any of the three claims in the
12 original petition.

13 Lara argues that his Cunningham claim is timely because it relates back to the original
14 petition. Respondent agrees that the Cunningham claim does not have timeliness problems,
15 but urges that the reason is not because of relation-back but instead is because the
16 Cunningham claim was contained in the original petition and was exhausted at that time.[2]
17 The court agrees with respondent: the Cunningham claim is not a new claim. The
18 Cunningham claim is not time-barred because it was included as a claim in the original
19 petition and state court remedies had been exhausted for the claim before the original petition
20 was filed. Compare Petition, p. 6 with Amended Petition, pp. 6, 7.

21 Lara next argues that, as long as one new claim relates back, all of the new claims
22 relate back. See Objection/Traverse To Motion To Dismiss, p. 5. Lara does not persuade
23 with this argument. Mayle contemplates that the relation-back determination is made claim-
24 by-claim, as it states that "relation back depends on the existence of a common 'core of
25 operative facts' uniting the original and newly asserted claims." Mayle, 545 U.S. at 659; see
26 also id. at 664 n.7; Hebner, 543 F.3d at 1139 (denial of leave to amend was not an abuse of
27 discretion "because the claim which he proposed to add by his amendment did not relate back
28 to the claims contained in his original petition"). This argument also does not help Lara

5

because, even if it was legally correct, it does not fit his facts: there is no new claim that relates back onto which he could piggyback the other new claims.

None of the new claims relate back to the timely-filed original petition. Thus, the next matter to determine is whether the amended petition in which those new claims were first asserted was timely filed.

B.  The New Claims Are Untimely

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Lara's conviction became final on May 31, 2005, when the time for him to file a petition for writ of certiorari expired 90 days after the denial of his petition for review. See Bowen v. Roe, 188 F.3d 1157 (9th Cir. 1999). The presumptive deadline for Lara to file his amended petition therefore was May 31, 2006. He missed that deadline by about 28 months, so unless he is entitled to tolling, his amended petition was very untimely.

The one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A state habeas petition is considered pending not only for the time the case is open on the docket in a court, but also for the time period between state habeas petitions provided that the petitioner files the later state habeas petition at a higher level court and does so "within what California would

6

consider a 'reasonable time.'" Evans v. Chavis, 546 U.S. 189, 197-98 (2006); Carey v. Saffold, 536 U.S. 214, 219-20 (2002); see, e.g., Evans, 546 U.S. at 197 (noting that six months is far longer than the 30 to 60 days that most states provide for filing an appeal, the Court held that an unjustified or unexplained 6-month delay between post-conviction applications in California is not "reasonable" and does not fall within Carey's definition of the term "pending"); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (no tolling for 101-day and 115-day gaps between state habeas petitions where those petitions offered no justification for the delays as required under California law); Waldrip v. Hall, 548 F.3d 729, 735-36 (9th Cir. 2008) (delay of at least eight months not "reasonable" and thus not subject to tolling); Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (no "gap tolling" during delays of 10, 15 and 18 months between California habeas petitions).

Before Lara filed anything in the state court, the one-year limitations period was nearing its end. His first state filing was mailed on April 26, 2006, when only 35 days remained before the deadline to get to federal court. The "1) notice of motion and motion for release of juror info. 2) motion for evidentiary hearing 3) motion for investigator" mailed on April 26, 2006 did not challenge the conviction but instead asked for discovery, a hearing, and an investigator to develop evidence to use for a later challenge. Lara wrote in his motion that he sought discovery of juror's personal information "to communicate with jurors for the purpose of developing a motion for new trial, or any other lawful purpose." Objection/ Traverse To Respondent's Motion To Dismiss, Exh. A, p. 2. In the evidentiary hearing portion of the motion, he indicated he had received ineffective assistance of counsel, but did not ask that the conviction be set aside and only asked for an evidentiary hearing "because evidence sufficient to sustain claims are most often beyound (sic) the record." Id at 4. A discovery motion does not challenge a conviction and therefore is not an application for state collateral review under § 2244(d)(2). Ramirez v. Yates, 571 F.3d 993, 999-1000 (9th Cir. 2009). The wording of the motion shows that Lara was attempting to develop evidence for a later application for relief, even though he now characterizes it as an application within the meaning of § 2244(d)(2). The state superior court considered the motion to be a discovery

7

motion when it denied the motion. The limitations period was not tolled during the pendency of that motion because it was not an application for collateral relief.

Lara's next activity in state court was his August 12, 2006 mailing of his habeas petition to the California Court of Appeal. However, the statute of limitations already had expired on May 31, 2006, more than two months before that petition was filed. That petition, and later petitions, therefore had no tolling effect because the limitations period had ended before they were filed. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed).

Even if the discovery motion warranted statutory tolling, Lara's federal amended petition would not have been timely because there were several gaps between his various state habeas petitions for which the limitations period would not have been tolled. First, there was the 14-day gap between the denial of his habeas petition on August 31, 2006 by the California Court of Appeal and the September 14, 2006 mailing of his next petition that would not have been tolled because both petitions were in the same level court. This gap used up 14 days of the 35 days he had left to get to federal court. Second, there was a 125-day gap between the denial of a petition in the California Court of Appeal on October 5, 2006 and the February 7, 2007 filing of a petition in the California Supreme Court that would not have been tolled because it was too long and he had not explained his delay to the state court. Sometime during this gap, the deadline to file the federal petition would have passed. Third, there was a 72-day gap between the denial of his habeas petition in the California Supreme Court on July 11, 2007, and the September 21, 2007 filing of the next petition in that same court that would not have been tolled because both petitions were in the same level court. If the deadline had not yet passed, it certainly would have passed sometime during this gap. Also, Lara would not receive tolling for the petition for rehearing he sent to the California Supreme Court because that was never filed but instead was rejected for filing as procedurally improper.[3] The statutory tolling provision does not save Lara's amended petition; unless he receives equitable tolling, the amended petition is untimely.

8

The one-year limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long been used in the Ninth Circuit is that equitable tolling will not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Rasberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace). The Ninth Circuit has not settled on a single consistent standard. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir. 2008) (declining to decide whether Pace standard differs from Beeler standard).

Lara contends he should receive equitable tolling for three reasons. First, he contends that the law library was frequently closed while he was at Pleasant Valley State Prison, where he was housed from about May 2004 until his transfer to the Sierra Conservation Camp on October 2, 2007. See Objection/Traverse, pp. 5, 9; Supplemental Objection, p. 5. Even after he arrived at the Sierra Conservation Camp, the increased law library availability did not start until about mid-October 2007, according to Lara. Lara has not described extraordinary circumstances but instead has described the situation confronted by most prisoners, especially those in administrative segregation. Lara does not state how often he tried and failed to get into the library; a closed law library has no consequence for one not making any effort to visit it. Even assuming he made some effort and was unsuccessful because the library was closed does not mean he had no ability to do research. California

9

1 prisons allow prisoners to check out library materials and, if in segregated housing, to use a
2 legal paging system to request materials for in-cell study if they cannot attend the library.
3 See 15 Cal. Code Regs. §§ 3120-3122, 3164(d), 3343(I), (k). Lara does not state that he was
4 unable to use a paging system for legal materials. In Chaffer v. Prosper, 592 F.3d at 1049,
5 the court held that equitable tolling was not available for an inmate who argued that his
6 delayed petition should be excused because of his "pro se status, a law library that was
7 missing a handful of reporter volumes, and reliance on helpers who were transferred or too
8 busy to attend to his petitions." The court saw these as "hardly extraordinary given the
9 vicissitudes of prison life" and the petitioner had not shown they made timely filing
10 "impossible." Id. Similarly, Lara's circumstances were not extraordinary circumstances and
11 instead were routine difficulties that confront most prisoner-petitioners. Further, Lara (or a
12 helper) *did* have access to legal research while he was at Pleasant Valley, as evidenced by
13 citations in filings in state court during the time of allegedly limited law library access.
14 Lara's discovery motion mailed on April 26, 2006, cited numerous state and federal cases as
15 well as specific applicable statutes, indicating that he had enough access to legal materials to
16 find some very relevant authorities. His motion to recall the remittitur filed March 5, 2007,
17 also showed awareness of a specific procedure (i.e., a recall of remittitur to correct a
18 sentencing problem) and had cites to California Penal Code sections on restitution fines and
19 punishment that showed very targeted legal research.

20 Lara next contends he should receive equitable tolling because he felt suicidal and
21 depressed during the Spring of 2005. He states that his cellmate learned that Lara was a
22 child molester and/or had an extremely long prison sentence, told Lara he would die in
23 prison, and repeatedly urged him to commit suicide. Objection/Traverse, p. 6, 9. Lara has
24 not shown that this caused him to be unable to file his federal petition on time. His one-year
25 limitations period did not even start until May 31, 2005, so that his suicidal feelings at some
26 point around that date do not explain why, for the next year, he was unable to timely get all
27 his claims to federal court.

28 Finally, Lara contends that he should receive equitable tolling because on July 31,

2007, he was attacked by two other inmates and his life was threatened. Objection/Traverse, p. 9-10. He states that he was taken to a hospital to get his upper lip "stitched up," and then was put in segregated housing, apparently until about mid-October 2007. By July 31, 2007, the limitations period had already expired. Events that occurred after the limitations period expired cannot serve to toll it. Further, even if the events occurred in the relevant time period, Lara does not explain how the events (with the rather limited injury he describes) prevented him from timely filing his claims in federal court, given that he had a one-year period in which to do so.

Lara fails to show that extraordinary circumstances beyond his control were the cause of his late filing of Claims 4-11 contained in the amended petition. He is not entitled to any equitable tolling of the limitations period. The amended petition was not filed before the expiration of the statute of limitations deadline. Therefore, Claims 4-11, which were first raised in that amended petition, are time-barred and must be dismissed.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 45.) Petitioner's motion to file a supplemental opposition to respondent's reply is GRANTED. (Docket # 51.) The court has read and considered the arguments in that supplemental opposition in evaluating respondent's motion to dismiss.

Claims 4-11 are dismissed because they were not filed before the expiration of the one-year habeas limitations period. With the dismissal of those claims, there remain for adjudication Claims 1-3. Although respondent filed an answer and memorandum of points and authorities in support of the answer, there have been some significant changes in the law since then, most notably with regard to the Cunningham claim. Respondent will be required to file an answer (and supporting legal memorandum) that contains all of his arguments as to Claims 1-3 of the amended petition, and petitioner will be required to file a traverse.

Accordingly, respondent must file and serve upon petitioner, on or before **April 23, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. If petitioner wishes

11

to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent's counsel on or before **June 4, 2010**.

IT IS SO ORDERED.

DATED: March 3, 2010

Marilyn Hall Patel
United States District Judge

## NOTES

1. Throughout this order, the court uses this claim-numbering system for ease of reference. This claim-numbering system does not correspond exactly to claims as numbered in Lara's amended petition because, for example, he had two different claims labeled as claim 1, had two different claims labeled as claim 2, and listed as separate claims the several sub-parts of his ineffective assistance of counsel claim.

2. Although respondent earlier took the position (in his answer) that the Cunningham claim was unexhausted, respondent now concedes that the claim was exhausted at the time the original petition was presented. Respondent explains that Butler v. Curry, 528 F.3d 624, 639 (9th Cir. 2008), clarified that Cunningham did not change the law but was simply an application of the rule from Blakely v. Washington, 542 U.S. 296 (2004).

3. Lara argues that Bennett v. Mueller, 322 F.3d 573 (9th Cir. 2003), and King v. Lamarque, 464 F.3d 963 (9th Cir. 2006), question the adequacy and consistency of California's timeliness rule. His reliance on those cases is misplaced because those are procedural default cases. The issue here is whether Lara complied with the federal statute of limitations, and not whether the court should honor a state procedural bar.