UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN JOE LARA,  No. C 06-3138 MHP (pr)

    Petitioner,  **ORDER**

    v.

JAMES A. YATES, warden,

    Respondent.
                                 /

    In an order filed March 4, 2010, the court dismissed Claims 4-11 as untimely and ordered respondent to file an answer (and supporting legal memorandum) that contained all of his arguments as to Claims 1-3 of the amended petition by April 23, 2010, and petitioner to file a traverse by June 4, 2010. Petitioner thereafter filed a motion for leave to file an interlocutory appeal, a notice of appeal, and a request for a certificate of appealability.

    An interlocutory appeal can be taken only if the district court determines that the order sought to be appealed from "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The dismissal of petitioner's untimely claims does not meet this standard. The court declines to make the determination that would permit an interlocutory appeal. Petitioner's motion for leave to file an interlocutory appeal therefore is DENIED. (Docket # 53.)

    Petitioner's request for a certificate of appealability is DENIED as premature. (Docket # 57.) There is no "final order" from which an appeal may be taken, as is required by 28 U.S.C. § 2253(c) for the issuance of a certificate of appealability.

A notice of appeal filed under these circumstances does not stay proceedings or divest this court of jurisdiction. <u>City of Los Angeles v. Santa Monica Baykeeper</u>, 254 F.3d 882, 885-86 (9th Cir. 2001) (district court not divested of jurisdiction over particular interlocutory order appealed from until Court of Appeals grants petition to take interlocutory appeal). Although petitioner's activities had no effect on the progress of this case, his activities may have created confusion about the parties' obligations to file their briefs, so the court will extend the deadlines <u>sua sponte</u>.

Respondent must file and serve upon petitioner, on or before **May 14, 2010**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent's counsel on or before **June 25, 2010**.

IT IS SO ORDERED.

DATED: April 12, 2010

Marilyn Hall Patel
United States District Judge

2